Contracts; Wunderlich Act; effect of Board findings of fact made in deciding first appeal in a second "appeal” involving the same claim of Government-caused delay; finality of findings of fact supported by substantial evidence. — Plaintiff seeks review of a decision of the Postal Service Board of Contract Appeals (the Board) dismissing plaintiffs complaint in Board Docket No. 606 on grounds that the appeal was simply an attempt to restate a claim previously decided by the Board against plaintiff (Docket No. 168), and that *682 dismissal on the ground of res judicata was accordingly appropriate. Plaintiff also alleges that the Board acted arbitrarily, capriciously, and erroneously in failing to grant plaintiffs motion for reconsideration in Docket No. 168. Moreover, plaintiff asserts that the decision in Docket No. 168 was erroneous and arbitrary. Plaintiffs claim arises out of a construction contract, for the installation of a loading platform and construction of a paved area at the Postal Service’s Air Mail Facility, Building # 179, John F. Kennedy Airport. Prior to the scheduled date of commencement of construction, plaintiff discovered that certain existing grade elevations shown on two contract drawings differed from actual elevations on the ground. In the period between plaintiffs discovery of the grade elevation discrepancies and its receipt of revised contract drawings, plaintiff, notwithstanding repeated directions from defendant’s representatives to proceed with construction (and to submit a claim for extra work resulting from those discrepancies if it desired to do so) did no construction work at all. After work was completed, plaintiff agreed to a contract modification granting plaintiff an equitable adjustment and an extension of contract performance time. The contracting officer subsequently denied plaintiffs claim “for extended overhead for the nine month ["government-caused”] delay encountered on this contract.” The Board dismissed plaintiffs appeal, concluding that the delay in performance did not result from defective specifications, but, rather, "resulted from [plaintiffs] own failure to proceed as it could have, allowing resolution of grade problems to occur in timely fashion thereafter.” Plaintiffs motion for reconsideration was denied. Thereafter, plaintiff submitted another claim for overhead costs to the contracting officer, who asserted that the claim had been previously decided in Docket No. 168. Plaintiffs appeal to the Board was docketed as Docket No. 606. The Board dismissed the appeal as stated above. On October 3, 1980 Trial Judge Harry E. Wood filed a recommended opinion (reported in full at 28 CCF ¶ 81,292) concluding that plaintiff is not entitled to recover. The trial judge found the Board’s determination in Docket No. 168 to be entitled to finality under the standards of the Wunderlich Act, and thus final and conclusive *683 upon the parties. Plaintiff may not, by a mere relabeling of its claim, either properly claim entitlement to another administrative decision on that issue, or entirely avoid the force of the first decision. On April 17, 1981 the court, by order, adopted the recommended decision of the trial judge as the basis for its judgment in this case, denied plaintiff’s motion for summary judgment, granted defendant’s cross-motion for summary judgment, and dismissed the petition.